IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Electronic Data Systems Corporation, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| Online Wireless, Inc. d/b/a Page Plus Cellular, | Jury Trial Demanded |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Electronic Data Systems Corporation, for its Complaint against Defendant Online Wireless, Inc. d/b/a Page Plus Cellular, states as follows.

**THE PARTIES**

1. Plaintiff Electronic Data Systems Corporation ("EDS") is a Delaware corporation with its principal place of business located at 5400 Legacy Drive, Plano, Texas 75024.

2. Defendant Online Wireless, Inc. d/b/a Page Plus Cellular ("Defendant") is an Ohio corporation with its principal place of business located at 1615 Timberwolf, Holland, Ohio 43528. Page Plus offers for sale, sells and/or otherwise markets in this district and elsewhere in the United States, prepaid wireless airtime and services for cellular telephone communications.

**JURISDICTION AND VENUE**

3. This action arises under the United States patent laws. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over the Defendant. Personal jurisdiction exists generally over the Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district and

specifically, at a minimum, as a result of Defendant's distribution networks, systems and methods by which the Defendant conducts its prepaid wireless business that infringes EDS's patents within the stream of commerce directed at Texas and this district. Additionally, Defendant is subject to personal jurisdiction as a result of committing the tort of patent infringement within Texas and this district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## FACTS RELEVANT TO ALL COUNTS

6. EDS was founded in 1962. Since that time, its business has grown and evolved to deliver a broad portfolio of information technology and business process outsourcing services to clients in the manufacturing, financial services, healthcare, communications, energy, transportation, consumer and retail industries and to governments around the world.

7. EDS's technology portfolio is developed around information-technology (IT), innovative offerings in application maintenance and development, business process outsourcing, and infrastructure. EDS has been ranked as number one on the 2007 VARBusiness 500 list of top IT solution providers, and was also named number one on the "Top 50 Best Managed Global Outsourcing Vendors" list by Black Book of Outsourcing in 2007.

8. One of EDS's goals is to develop systems and methods that enhance the efficiency of its clients' businesses from labor, time and monetary investment perspectives. EDS's clients utilize business solutions developed by EDS in the performance of their business objectives. The ability of EDS's clients to use EDS's proprietary solutions affects the value of the solutions offered by EDS, as well as the ability of EDS to develop its technology portfolio.

## COUNT ONE

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,156,300

9. United States Patent No. 7,156,300 (the '300 patent) was duly and properly issued by the United States Patent and Trademark Office on January 2, 2007. The '300 patent was assigned to EDS. EDS continues to hold all rights and interest in the '300 patent. A copy of the '300 patent is attached to this Complaint as Exhibit A.

10. The '300 patent generally relates to a system and method for electronic purchase of prepaid telephone services. More particularly, the '300 patent discloses and claims inventions whereby an initiating terminal, such as a personal computer or an automated teller machine (ATM) receives input of a customer's request to purchase a specified amount of prepaid telephone services and receives input of the customer's designation of a financial account from which to debit that purchase. A central terminal receives these inputs from the initiating terminal, obtains authorization for the request, and transmits data to the initiating terminal for the initiating terminal to, in turn, provide the information necessary to obtain the prepaid telephone service.

11. Defendant, without authority from EDS, designed systems and/or implemented methods that market, use, offer for sale and/or sell prepaid telephone services in fashions that embody and infringe one or more of the claimed inventions of the '300 patent.

12. Defendant is directly infringing, contributorily infringing and/or actively inducing infringement of the '300 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States.

13. EDS has been damaged by Defendant's infringement of the '300 patent. EDS is entitled to recover from the Defendant the damages sustained by EDS as a result of Defendant's wrongful acts.

14. Defendant's infringement of EDS's exclusive rights under the '300 patent will continue to damage EDS's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## COUNT TWO

### INFRINGEMENT OF UNITED STATES PATENT NO. 7,255,268

15. United States Patent No. 7,255,268 (the '268 patent) was duly and properly issued by the United States Patent and Trademark Office on August 14, 2007. The '268 patent was assigned to EDS. EDS continues to hold all rights and interest in the '268 patent. A copy of the '268 patent is attached to this Complaint as Exhibit B.

16. The '268 patent generally relates to a system and method for electronic purchase of prepaid telephone services. More particularly, the '268 patent discloses and claims inventions whereby an initiating terminal, such as a personal computer or an automated teller machine (ATM) receives input of a customer's request to purchase a specified amount of prepaid telephone services and receives input of the customer's designation of a financial account from which to debit that purchase. A central terminal receives these inputs from the initiating terminal, obtains authorization for the request, and transmits data to the initiating terminal for the initiating terminal to, in turn, provide the information necessary to obtain the prepaid telephone service.

17. Defendant, without authority from EDS, has designed systems and/or implemented methods that market, use, offer for sale and/or sell prepaid telephone services in fashions that embody and infringe one or more of the claimed inventions of the '268 patent.

18. Defendant is directly infringing, contributorily infringing and/or actively inducing infringement of the '268 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States.

19. EDS has been damaged by Defendant's infringement of the '268 patent. EDS is entitled to recover from Defendant the damages sustained by EDS as a result of Defendant's wrongful acts.

20. Defendant's infringement of EDS's exclusive rights under the '268 patent will continue to damage EDS's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, EDS prays for judgment and seeks relief against Defendant as follows:

A. That the Court declare that the '300 and '268 patents are infringed by Defendant;

B. That the Court enter an injunction against further infringement of the '300 and '268 patents by Defendant, its officers, agents, servants, employees, subsidiaries, and those persons acting in concert with it, including related individuals and entities, customers, representatives, dealers, and distributors;

C. That the Court award damages adequate to compensate EDS for the patent infringement that has occurred, together with prejudgment interest and costs;

D. That the Court award all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

E. That the Court find that this is an exceptional case and award to EDS its costs and reasonable attorney fees incurred in this action as provided by 35 U.S.C. § 285; and

F. That the Court awards such other relief as this Court deems just and proper.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), EDS demands a trial by jury.

Date: February 4, 2008

Respectfully submitted,

/s/ Hilda C. Galvan
Hilda C. Galvan
Lead Attorney
State Bar No. 00787512
hcgalvan@jonesday.com
Daniel Conrad
State Bar No. 24026608
dtconrad@jonesday.com
Mark C. Howland
State Bar No. 24027240
mchowland@joneday.com
Stafford Davis
State Bar No. 24054605
stafforddavis@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

ATTORNEYS FOR ELECTRONIC DATA SYSTEMS CORPORATION